# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 03 CR 1093 |
| v. ) | |
| ) | Judge John W. Darrah |
| MATTHEW CHRIST ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Matthew Christ, was convicted, after a jury trial, of conspiring to commit visa fraud, 18 U.S.C. § 371, Count I of the Fourth Superseding Indictment. Defendant was acquitted of bribery, 18 U.S.C. § 210(b)(2)(A), (B), and (C), Count II of the Fourth Superseding Indictment. Presently before the Court are Defendant's Motion for Judgment of Acquittal, Motion for a New Trial, and Motion for an Arrest of Judgment.

Defendant moves for a judgment of acquittal, arguing that the Government failed to prove his guilt beyond a reasonable doubt.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70. The court does not re-weigh the evidence or judge the credibility of the witnesses. *See United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000) (*Galati*).

Defendant argues that the Government failed to prove the conspiracy charge, specifically, an agreement to commit the charged conspiracy.

To prove a violation of Section 271, the Government must establish: (1) an agreement to commit an offense against the United States, (2) an overt act in furtherance of the conspiracy, and (3) knowledge of the conspiratorial purpose. *See United States v. Soy*, 454 F.3d 766, 768 (7th Cir. 2006) (*Soy*). On a charge of conspiracy to violate a federal statute, the Government must establish the degree of criminal intent necessary for the substantive offense. *See Soy*, 454 F.3d at 768. However, the overt act necessary for the conspiracy conviction does not need to be the underlying substantive crime or an element of that crime. *See Soy*, 454 F.3d at 768.

Defendant argues that the Government failed to prove part of the alleged conspiracy, specifically, that Defendant conspired with Aivaras Grigaitis ("Aivaras"), Robertas Grigaitis ("Robertas"), Mindaugas Masiliunas ("Mindaugas"), and Valdas Stauga ("Stauga"); and these co-conspirators agreed to provide Defendant with a vintage motorcycle to cause Defendant to cause the issuance of non-immigrant visas through immigration and identification document fraud. While the Fourth Superseding Indictment does allege that the co-conspirators agreed to provide Defendant with a vintage motorcycle, the Fourth Superseding Indictment also charges Defendant with conspiring with the above-named individuals to use, obtain, and receive non-immigrant visas, knowing them to be procured by means of false claims and statements in violation of 18 U.S.C. § 1546. Thus, the Government has pled and could establish the first element of the conspiracy charge, an agreement to commit an offense against the United States, by proving that the Defendant and the above co-conspirators agreed to use, obtain, and receive non-immigrant visas, knowing them to be procured by means by means of false claims and statements in violation of 18 U.S.C. § 1546. The Government need not prove that the co-conspirators agreed to provide Defendant with a vintage motorcycle to establish an agreement to commit an offense against the United States.

Furthermore, there was sufficient evidence for the jury to find that Defendant conspired to commit visa fraud.

The evidence at trial included testimony that Defendant (a Foreign Service Officer in Vilnius, Lithuania) met with Aivaras and Robertas at Aivaras's workplace in Lithuania to complete the visa applications for Robertas and Mindaugas. Defendant brought blank visa applications with him to the meeting and assisted in the completion of the visa applications. At Defendant's direction, Aivaras and Robertas reported false information on the visa applications. Defendant took the visa applications and other required documentation from the meeting and, as promised, later returned to Aivaras's workplace with Robertas's and Mindaugas's passports, including United States visas. Robertas's and Mindaugas's visa applications were adjudicated by Defendant.

A few weeks later, Defendant again went to Aivaras's workplace with blank visa applications. At Defendant's direction, visa applications that contained false information were completed for Aivaras and Stauga. Defendant took the visa applications and other required documentation from the meeting and, as promised, later returned to Aivaras's workplace with Aivaras's and Stauga's passports, including United States visas. The visa applications, the Department of State records, and other evidence proved that Aivaras's and Stauga's visas were approved based upon referrals from Defendant where Defendant personally vouched for Aivaras and Stauga and submitted that their travel was in the national interest of the United States. In 2000, Robertas, Mindaugas, Aivaras, and Stauga used their visas to enter the United States.

Defendant disputes much of the above evidence, arguing that the evidence "came in the form of highly biased and inconsistent testimony" of Aivaras. In essence, Defendant argues that Aivaras's testimony was not credible because his testimony was highly biased in light of his plea agreement

3

with the Government and because his testimony was not believable due to inconsistencies in his explanation of the events during the investigation and at trial. However, the facts pertaining to Aivaras's plea agreement and inconsistencies in his explanation of the events during the investigation and the trial were fully developed and presented to the jury at trial. Defendant impermissibly seeks to have the Court re-weigh the evidence and/or judge the credibility of the witnesses. *See Galati*, 230 F.3d at 258.

Based on the evidence at trial, a rational trier of fact could have found that Defendant had an agreement to commit an offense against the United States, specifically, a violation of 18 U.S.C. § 1546; engaged in an overt act in furtherance of the conspiracy; and had knowledge of the conspiratorial purpose. Accordingly, Defendant's Motion for Judgment of Acquittal is denied.

Defendant also moves for a new trial, arguing that the admission of certain evidence and the exclusion of certain evidence and a jury instruction deprived Defendant of a fair trial. Specifically, Defendant argues that evidence related to Defendant's attempts to procure visas for Robertas's wife and children was improperly admitted, the admission of Lithuanian newspaper advertisements was improperly denied, the Government improperly questioned an expert witness regarding witness fees, the admission of visa applications constituted hearsay and violated Defendant's constitutional rights, and the Court improperly denied a missing-witness jury instruction.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis,

4

the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, *quoting United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

All of the grounds Defendant asserts in support of his Motion for a New Trial were fully argued by the parties and considered, addressed, and ruled upon by the Court at the time of trial; these rulings have not been shown to be erroneous. Accordingly, Defendant's Motion for a New Trial is denied.

Defendant also summarily moves for an arrest of judgment, "for the same reasons described elsewhere and in the arguments and objections made prior to verdict." Federal Rule of Criminal Procedure 34 provides that an arrest of judgment is to be granted if the indictment does not charge an offense or if the court does not have jurisdiction of the charged offense. Defendant's unsupported conclusory statement is insufficient to grant a motion pursuant to Rule 34. *See United States v. Wimberly*, 60 F.3d 281, 287 (7th Cir. 1995) (perfunctory and undeveloped arguments unsupported by pertinent authority are waived). Accordingly, Defendant's Motion for an Arrest of Judgment is denied.

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal, Motion for a New Trial, and Motion for an Arrest of Judgment are denied.

Dated: 2-21-07

JOHN W. DARRAH
United States District Court Judge

5