AE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 03 CR 1093 - 9** |
| **v.** | ) | |
| | ) | **Judge John W. Darrah** |
| **MATTHEW CHRIST** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Matthew Christ, was convicted, after a jury trial, of conspiring to commit visa fraud, 18 U.S.C. § 371, Count I of the Fourth Superseding Indictment. Defendant was acquitted of bribery, 18 U.S.C. § 210(b)(2)(A), (B), and (C), Count II of the Fourth Superseding Indictment. In March 2007, Defendant was sentenced to twenty-four months' incarceration, three years of supervised release, assessed $100.00, and fined $5,000.00. Presently before the Court is the Government's Motion for Turnover Order.

In April 2007, after the Defendant had been sentenced, the Government issued a citation to discover assets to third-party citation respondent Gabelli Funds to determine if the respondent had in its possession or under its control funds that belonged to Defendant. Respondent filed an answer, responding that it had in its possession or under its control, at the time the citation was served, $15,358.81 belonging to the Defendant. Based upon this answer, the Government seeks a turnover order in the amount of $5,099.08, which represents the non-exempt portion of the funds being held by Gabelli Funds that would extinguish the fine assessed against the Defendant. The Defendant opposes the turnover order, arguing that the Second Amended Judgment[1] provides that the fine assessed against the Defendant would be paid in monthly installment payments equal to ten percent

---

[1]The original Judgment was issued on March 1, 2007; an Amended Judgment was issued on March 14, 2007, to correct a clerical error; a Second Amended Judgment was issued on April 23, 2007, to extend the date of Defendant's self-surrender date.

of Defendant's net monthly earnings; and Defendant has been making timely payments greater than ten percent of his net monthly earnings.

The Government may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under federal or state law. This judgment may be enforced "against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). The judgment lien securing the Government's right to execute arises upon entry of judgment and the right to enforce that judgment lasts for twenty years, plus whatever period the defendant is incarcerated for his crimes. 18 U.S.C. § 3612(b).

The relevant language as to the fine assessed against the Defendant in the Second Amended Judgment provides:

> The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(f).
> * * *
> Payment of the total criminal monetary penalties shall be as follows:
> The special assessment of $100.00 is due in full immediately. The defendant shall make monthly installment payments toward the fine, equal to 10% of his net monthly earnings. The total amount of the fine is $5,000.00.
>
> Pursuant to 18 U.S.C. § 3664(k), the defendant must notify the court of any material change in the defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.
>
> Pursuant to 18 U.S.C. § 3664(n), if a person is obligated to provide restitution, or pay a fine, received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the

2

value of such resources to any restitution or fine still owed.

Pursuant to 18 U.S.C. § 3572, the Court imposed a fine of $5,000.00 on Defendant. Section

3572 provides, in pertinent part:

> (a) Factors to be considered. – In determining whether to impose a
> fine, and the amount, time for payment, and the method of payment
> of a fine, the court shall consider, in addition to the factors set forth
> in section 3553(a) –
>> (1) the defendant's income, earning capacity, and financial
>> resources . . .
>
>                               \* \* \*
>
> (d) Time, method of payment and related items. – (1) A person
> sentenced to pay a fine or other monetary penalty, including
> restitution, shall make such payment immediately, *unless, in the
> interest of justice, the court provides for payment on a date certain
> or in installments.* If the court provides for payment in installments,
> the installments shall be in equal monthly installments over the period
> provided by the court, unless the court establishes another schedule.
>
> (3) A judgment for a fine which permits payments in installments
> shall include a requirement that the defendant will notify the court of
> any material change in the defendant's economic circumstances that
> might affect the defendant's ability to pay the fine. Upon receipt of
> such notice, the court may, on its own motion or the motion of any
> party, adjust the payment schedule, or require immediate payment in
> full, as the interests of justice require.

18 U.S.C. § 3572(d) (emphasis added).

At the time of Defendant's sentencing, the Court was aware of funds in the amount of

$15,616.00 identified in the presentence investigation report as "Defendant's Gabelli IRA." The

presentence investigation report also states that "[t]he defendant does not have the available cash

assets with which to make an immediate lump sum fine payment." With this knowledge, a payment

schedule was ordered as to the fine assessed against the Defendant. The Government has not

identified a material change in the Defendant's economic circumstances that might affect his ability

3

to pay the fine. Allowing the Government to now execute the full amount of the fine would frustrate the determination made by the Court in initially establishing the payment schedule pursuant to Section 3572. *See United States v. Roush*, 452 F. Supp. 2d 676, 681 (N.D. Tex. 2006) (Government could use its enforcement powers under Section 3613 only to the extent that the payments were currently due and owing under the payment schedule put into place under Section 3664 or as modified if there was a change in economic circumstances); *cf. United States v. Hawkins*, 392 F. Supp. 2d 757, 760 (W.D. Va. 2005) (Government could use other means to collect restitution although defendant was making timely payments per the payment schedule put into place as an alternative to the order that the amount due was due "in full immediately"); *United States v. Hanhardt*, 353 F. Supp. 2d 957, 960 (N.D. Ill. 2004) (relying on the general legal proposition that restitution is payable immediately to allow garnishment of defendant's wages in addition to installment payments).

For the foregoing reasons, the Government's Motion for Turnover Order is denied.

Dated: October 31, 2007

JOHN W. DARRAH
United States District Court Judge

4