UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 03 CR 1093-9 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| MATTHEW CHRIST | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Estoppel and Relief by Defendant Matthew Christ. [Docket No. 431.] The motion is granted in part and denied in part.

On November 1, 2006, a jury found Christ guilty of one count of conspiracy against the United States to commit visa fraud in violation of 18 U.S.C. § 371. In March 2007, the Court sentenced Christ to twenty-four months' incarceration and three years of supervised release. In addition, Christ was assessed a monetary penalty of $100.00 and fined $5,000.00. With respect to the monetary penalties, the Court ordered: "The special assessment of $100.00 is due in full immediately. The defendant shall make monthly installment payments toward the fine, equal to 10 percent of his net monthly earnings. The total amount of the fine is $5,000.00." Amended Order of Judgment and Conviction, at p. 2.

In April 2007, Christ was separated from his job at the United States State Department (due to his conviction) and received $7,028 in accrued annual leave. Christ did not pay 10 percent of this $7,028.00 amount ($728.00) toward his imposed fine that month. The Government has taken the position that Christ's failure to pay 10 percent of the $7,028.00 toward his fine constitutes a default of Christ's obligation to make monthly installment payments equal to 10 percent of his net monthly earnings, as required in the Second Amended Judgment.

1

On February 13, 2008, the Financial Litigation Unit of the U.S. Attorney's Office sent Christ a letter, stating that Christ's account was in default under 18 U.S.C. § 3572, assessing penalties and interest, and demanding payment of $5,792.79.[1]

Christ moves the Court "for estoppel of the government's Default notice and action, dated 13 February 2008, and for relief from the remaining balance (approximately $3,840.00 plus interest) of the $5,000.00 fine imposed in the judgment." Christ contends he is not in default of his obligation to pay 10 percent of his net monthly earnings as required by the Second Amended Judgment. Rather, Christ asserts that he has paid more than was ordered, having paid $25.00 a month (for a total of $250.00) through the Inmate Financial Responsibility Program (even though his monthly earnings have never exceeded $22.48 per month) and a total of $1,160.00 toward his fine. Christ further contends he did not earn $7,028.00 in April 2007, as the Government maintains, because his net income from the termination of his employment with the State Department amounted to only $713.00. Christ reasons that although he received a $7,028.00 accrued annual leave disbursement in April 2007, he also had to pay a $2,527.00 penalty and $3,788.00 in federal taxes that year in connection with the conversion of a loan from his State Department Thrift Savings Plan (TSP), thus resulting in "net income" to him of only $713.00.

---

[1] 18 U.S.C. § 3572(i) provides: "A fine or payment of restitution is in default if a payment is delinquent for more than 90 days. Notwithstanding any installment schedule, when a fine or payment of restitution is in default, the entire amount of the fine or restitution is due within 30 days after notification of the default, subject to the provisions of section 3613A."
18 U.S.C. § 3612(g) provides: "If a fine or restitution becomes delinquent, the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a fine or restitution becomes in default, the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default."

In addition, Christ contends, the Court should relieve him from the remaining balance of his fine obligation ($3,840.00 plus interest) because of "improper harassment" by the Government in demanding payment contrary to the terms of the Court's Second Amended Judgment. In this regard, Christ's motion sets forth prior efforts by the Government to collect payment, including freezing assets in the amount of $10,000.00 in Christ's Gabelli IRA, issuing a notice of intent to offset in July 13, 2007, and filing, on August 13, 2007, a motion for turnover order, seeking an order directing Gabelli Funds to submit $5,099.08 to extinguish Christ's fine. On October 31, 2007, the Court denied the Government's motion for turnover order, stating that "Allowing the Government to now execute the full amount of the fine would frustrate the determination made by the Court in initially establishing the payment schedule pursuant to Section 3572."

The Government does not dispute its prior efforts to seek payment from Christ (or that the Court previously denied its motion for turnover order). However, the Government contends the Court should order that Christ must pay the balance due on his fine immediately. First, the Government argues that Christ's failure to pay 10 percent of the $7.028.00 payment he received in April 2007 constitutes default of his payment obligation. The Government reasons that the Second Amended Judgment clearly states that Christ make monthly installments "equal to 10% of his net *monthly* earnings," and there is no dispute that Christ received a payment in April 2007 of $7,028.00 but did not pay 10 percent of that amount. The Government contends 10 percent of Christ's net monthly income that month is $702.00. The Government contests Christ's effort to "redefine" the meaning of "net monthly earnings" to mean Christ's net earnings at the end of the year, after all other expenses (*i.e.*, taxes and penalties associated with Christ's unrelated TSP

account) were paid. The Government asserts: "Defendant's end-of-year increased tax liability, and the penalty assessed were caused by events that occurred before and after April 2007 – *i.e.*, the TSP loan and its nonpayment prior to leaving federal service – but had nothing to do with his pay [*i.e.*, the $7,028.00 received in April 2007 for accrued annual leave] for that month."

In further support of its position, the Government relies on the Seventh Circuit's decisions in *United States v. Sawyer*, 521 F.3d 792 (7th Cir. 2008), and *United States v. Riley*, Nos. 07-1386, 07-2941, 2008 WL 961577 (7th Cir. April 9, 2008). In these cases, the Seventh Circuit indicated that, where a criminal judgment orders the payment of restitution, all non-exempt assets the criminal defendant has at the time of his sentence should be turned over immediately. Statutory payment plan schedules, set by the court pursuant to 18 U.S.C. § 3572 when a criminal defendant does not have sufficient assets to pay the full amount of restitution, pertain only to payments made out of a criminal defendant's future earnings after a defendant's release from prison.

In light of these cases, the Government states that "in retrospect – it can be observed that the payment plan entered in this case was not appropriate" in that there is "no logical distinction to be made between how a payment schedule for restitution and one for fines ought to be imposed." Because Christ has sufficient non-exempt assets to pay the fine in full, the Government contends he should be required to pay the full amount immediately.

Christ does not dispute that he has sufficient assets to pay the fine in full but asserts that the issue presented here is only whether he is in default of his payment obligation under the Second Amended Judgment (which he contends he is not). Christ contends the Government cannot use its brief here "as a backdoor to re-argue" its motion for turnover order denied by the

4

Court in October 2007.  Christ points out that "the government's own representative," Probation Officer Sheila Lally, "is the one that made the finding that the Defendant did not have the assets to pay the fine immediately, so any ex post facto question regarding this determination should be addressed by . . . different government officials, not the Court."

Christ is not required to pay the full amount of his fine immediately, and he is not in default of his payment obligations under the Second Amended Judgment.  Despite the fact that the Government determined, post-judgment, that Christ had sufficient non-exempt assets to pay the full amount of his fine, the judgment and all of its terms remain in effect.  As the Court previously stated in denying the Government's prior motion for a turnover order, "Allowing the Government to now execute the full amount of the fine would frustrate the determination made by the Court in initially establishing the payment schedule pursuant to Section 3572."

Therefore, Christ's motion for estoppel and relief is granted insofar as it seeks "estoppel of the Government's default notice."  Christ is not obligated to immediately pay the full amount of his fine.  However, Christ's motion is denied insofar as he seeks relief from his obligation to pay the remaining balance of his fine.  Christ remains obligated to comply with the Second Amended Judgment.

Date:  4/30/09

JOHN W. DARRAH
United States District Court Judge